Juan Hong (State Bar No. 234046)
Law Office of Juan Hong, A Law Corp.
4199 Campus Drive, Suite 550
Irvine, CA 92612
Phone: (949) 509-6505
Fax: (949) 335-6647
Email: jhong48@gmail.com

Attorney for Plaintiff
CONNIE CHONG

United States District Court
For the Central District of California

| | |
|---|---|
| CONNIE CHONG, Individually and On Behalf of All Others Similarly Situated<br><br>vs.<br><br>NESTLE WATERS NORTH AMERICA INC., and DOES 1 through 10.<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br>**COMPLAINT FOR:**<br>(1) VIOLATION OF CAL. BUS. & PROF. CODE §17200: Unlawful Conduct<br>(2) VIOLATION OF CAL. BUS. & PROF. CODE §17200 Unfair Conduct<br>(3) VIOLATION OF CAL. BUS. & PROF. CODE §17500 *et seq.*<br>(4) VIOLATION OF CAL. CIVIL CODE §1750 *et seq.*<br>(5) UNJUST ENRICHMENT/ BREACH OF QUASI CONTRACT |

1.      Plaintiff Connie Chong ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint against NESTLE WATERS NORTH AMERICA INC. ("NESTLE" or "Defendant"), and on the basis of personal knowledge, information and belief, and investigation of counsel, alleges as follows.

## INTRODUCTION

2.      This action deals with a water bottle product by Defendant: ARROWHEAD 100% MOUNTAIN SPRING WATER ("the NESTLE Product").  At all relevant times, Plaintiff bought the NESTLE Product from convenient stores and grocery markets in Los Angeles, California, including Target, Costco, Hannam Chain, Galleria Market, and Smart & Final.

3.      The NESTLE Product is a bottled water line that Defendant manufactures, markets, and sells.

4.      When Plaintiff purchased the NESTLE Product bottles of various sizes including 355 mL, 500 mL, and 2.5 GAL, she did not read the backside of the label.  In the front label of the bottles, the statement of "ARROWHEAD 100% MOUNTAIN SPRING WATER" was provided with the background picture of the Arrowhead mountain and the lake in front of the mountain.   Based on the presentations in the front label, Plaintiff reasonably believed the NESTLE Product was from the springs in the Arrowhead mountain.  Plaintiff would not have purchased the NESTLE Product bottles had she known that the spring water might not be from the arrowhead mountain.  Plaintiff would not have purchased the NESTLE Product absent the misrepresentation depicted with the picture of the label.

5.       In the backside of the label of the NESTLE Product bottle, the source of spring water was not prominently placed thereon with such conspicuousness (as

compared with other words, statements, designs, or devices, in the labeling), and is not easily legible.

6.      The backside label of the NESTLE Product bottle lists the source information as:

> SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA.

The sources of the spring water include six (6) locations.  Arrowhead Springs is one of them.

**Plaintiff's Reliance on Defendant's Unlawful, False, and Misleading Presentations in the Label of the NESTLE Product**

7.      Plaintiff read and relied on the misleading statements of ARROWHEAD 100% MOUNTAIN SPRING WATER with the picture of the Arrowhead mountain and the lake in the front label of the NESTLE Product bottle.

8.      Based on this reliance, Plaintiff believed the NESTLE Product was from the springs in the arrowhead mountain.

9.      Plaintiff would not have purchased the NESTLE Product absent the misrepresentation depicted in the picture of the label.

10.     In fact, Plaintiff bought the NESTLE Product bottles which were prohibited from introduction into commerce because they were misbranded.  Plaintiff suffered damages in an amount to equal to the amounts she paid for the NESTLE Product bottles she purchased.

11.     By engaging in false and misleading marketing, Defendant reaped, and continues to reap, increased sales and profits.

12.     Defendant knows that the label of the NESTLE Product it markets is material to consumer's decision to purchase the NESTLE Product.

13.     Defendant deliberately cultivated the misrepresentations through its marketing of the NESTLE Product bottles.

14.     Plaintiff's claim is essentially that, because defendant's label on the NESTLE Product bottles did not comply with state and/or federal requirements regarding the source location, she could not see or did not understand the source information, and therefore was misled by the unlawful packaging and purchased the water bottles based thereon.  Defendant's bottles are misbranded and unmarketable.  Plaintiff was misled as a result of the misbranding and suffered economic injury because she purchased the products she otherwise would not have.

15.     She would purchase the products as long as Defendant repairs the label complying with state and/or federal requirements, or Defendant presents accurate source location of the Arrowhead mountain.

## NATURE OF THE ACTION

16.     Plaintiff brings this class action on behalf of herself and all other similarly situated consumers who purchased the NESTLE Product asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. ("UCL" or "§17200"); the Consumer Legal Remedies Act, Cal. Civ. Code §1750, *et seq*. ("CLRA"); the False Advertising Law, Cal. Bus & Prof. Code §17500, *et seq*. ("FAL" or "17500"); Unjust Enrichment/Breach of Quasi Contract.

17.     Plaintiff seeks damages and equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: their monetary damages; restitution; refunding Plaintiff and class members the full amount paid

for the NESTLE Product; injunctive relief for an order enjoining Defendant from falsely marketing and advertising the NESTLE Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

18.     Plaintiff also seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

## JURISDICTION AND VENUE

19.     This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiff and every Class Member, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class Members reside across the United States and are therefore diverse from Defendant.

20.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).  Plaintiff has filed affidavits showing that this action has been commenced in a proper county pursuant to Cal. Civ. Code §1780(d).

21.     This Court has personal jurisdiction over Defendant because it has significant minimum contacts with this State, and intentionally availed itself of the laws of California by transacting a substantial amount of business throughout the State and this District, including but not limited to, the promotion, marketing, advertising, and sale of the NESTLE Product throughout California and Los Angeles County, and on the Internet to consumers located throughout California and Los Angeles County.

22.     Venue is proper under 18 U.S.C. § 1965(a), because Defendant is subject to personal jurisdiction in this District as alleged above, and Defendant has agents located in this District.

**PARTIES**

23.     Plaintiff Connie Chong ("Plaintiff") is a resident of the state of California. At all relevant times since 2015, Plaintiff learned about the NESTLE Product when she saw the label of the NESTLE Product displayed in grocery stores in Los Angeles, California, and the photos of the NESTLE Product bottle in the advertisements in google website, and the NESTLE website, https://www.arrowheadwater.com/products?_ga=2.135381490.270589502.157698 5872-2131123486.1576985872#spring-water. Plaintiff purchased the NESTLE Product in reliance on the Defendant's misleading labels and the advertisements.

24.     On information and belief, Defendant NESTLE WATERS NORTH AMERICA INC. ("NESTLE" or "Defendant") is a corporation with its principal place of business in Connecticut, 900 LONG RIDGE ROAD, BUILDING #2, STAMFORD, CT 06902.

25.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE defendants by such fictitious names. Plaintiff will amend this complaint to show true names and capacities when they have been ascertained.  Defendants will refer to NESTLE and DOES 1 through 10.

26.     Defendant deliberately cultivated the misleading statements through its marketing of the NESTLE Product.

//

//

6 (COMPLAINT)

## NESTLE'S VIOLATIONS OF FEDERAL STATUTES AND REGULATIONS

27.     To prove a false advertising claim, a plaintiff must show a false or misleading description of fact or representation of fact by the defendant in a commercial advertisement about its own or another's product.  NESTLE's misrepresentation of the source of ARROWHEAD 100% MOUNTAIN SPRING WATER in its label is sufficient to state the formal element of a false advertising claim.

28.     In the context of an unlawful-prong claim, a plaintiff must establish that a defendant engaged in unlawful conduct, i.e., violated a federal, state or municipal statute, ordinance or regulation, and that, as a result of the defendant's unlawful conduct, the plaintiff suffered an injury in fact and has lost money or property.

29.     The United States Federal Food, Drug, and Cosmetic Act ("FDCA") gives the U.S. Food and Drug Administration ("FDA") authority to promulgate regulations to enforce the provisions of the FDCA.  21 USC § 371.  The FDA has promulgated regulations governing misbranding of food and providing that food is misbranded if its label expresses or implies a geographical origin of the food or any ingredient of the food except when such representation is either: (1) A truthful ***representation of geographical origin***.

30.     The FDA published its final rule on bottled water on November 13, 1995.  Beverages: Bottled Water, 60 Fed.Reg. 57,076 (Nov. 13, 1995).  Responding to a comment stating that "it would be misleading if a country setting is shown on the label, including lakes or ponds, and the product is drinking water processed from municipal supplies via reverse osmosis systems [i.e., purified water]," the FDA responded:

FDA agrees that the use of certain graphics on a label of bottled water may be misleading to consumers if the source of the water is different than the source depicted or implied. ***For example, a country setting on a label may mislead consumers into believing that the product is spring water when it is not.*** Section 403(a) of the act specifically states that a food shall be deemed to be misbranded if its labeling is false or misleading in any particular. If a product is from a community water system, the label must clearly disclose this fact except as provided in § 165.110(a)(3)(ii)." *Id*. at 57,104 (emphasis added).

31.     21 C.F.R. §101.18 (c) provides that: "Among representations in the labeling of a food which render such food misbranded is any representation that expresses or implies a geographical origin of the food or any ingredient of the food except when such representation is either: (1) A truthful ***representation of geographical origin***."

32.     The FDA standard of identity imposes detailed requirements on the use of the "spring water" nomenclature, including "the location of the spring." 21 C.F.R. §165.110(a)(2)(vi). The FDA's spring water Identity Standard also includes two labeling requirements. First, "the location of the spring shall be identified" on each water bottle label. 21 C.F.R. § 165.110(a)(2)(vi). Use of the term "spring water" on bottled water is regulated by the FDA. FDA regulations at 21 C.F.R. § 165.110(a)(2)(vi) specifically define the term:

"The name of water derived from an underground formation from which water flows naturally to the surface of the earth may be "spring water." Spring water shall be collected only at the spring or through a bore hole tapping the underground formation feeding the spring.

There shall be a natural force causing the water to flow to the surface through a natural orifice. ***The location of the spring shall be identified.*** Spring water collected with the use of an external force shall be from the same underground stratum as the spring, as shown by a measurable hydraulic connection using a hydrogeologically valid method between the bore hole and the natural spring, and shall have all the physical properties, before treatment, and be of the same composition and quality, as the water that flows naturally to the surface of the earth. If spring water is collected with the use of an external force, water must continue to flow naturally to the surface of the earth through the spring's natural orifice. Plants shall demonstrate, on request, to appropriate regulatory officials, using a hydrogeologically valid method, that an appropriate hydraulic connection exists between the natural orifice of the spring and the bore hole." (Emphasis added.)

33.     21 U.S.C. § 343 provides that a "food shall be deemed misbranded" if, *inter alia,* it contains a "false or misleading label," § 343(a); if information required on the label is "not prominently placed" on the label in comparison with other words, § 343(f).

34.     The misbranded products are in violation of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 343] and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101).

35.     21 U.S.C. 331(a) prohibits the introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded.

36.     No state or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate

commerce:  "any requirement respecting any claim of the type described in section 343(r)(1) of this title, made in the label or labeling of food *that is not identical* to the requirement of section 343(r) of this title . . . ." (21 U.S.C. § 343-1(a) (5))

## DEFENDANT NESTLE'S VIOLATIONS OF CALIFORNIA STATUTES AND REGULATIONS

37.    By manufacturing, advertising, distributing, and selling misbranded product, ARROWHEAD 100% MOUNTAIN SPRING WATER, Defendant NESTLE has violated California Health & Safety Code Sections 110660, and 110705.  In addition, Defendant has violated the standards set by 21 U.S.C. § 343 and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101), all of which have been adopted by reference into the Sherman Law, California Health and Safety Code.

38.    California Health and Safety Code §111185 states that:

"Any bottler, distributor, vendor of bottled water, or owner or operator of any water-vending machine or retail water facility, whose corporate name or trademark contains the words "spring" or "springs," or any derivative of either of these words, or "well," "artesian well," or "natural" ***shall label each bottle or vending machine with the source of the water in typeface at least equal to the size of the typeface of the corporate name or trademark***, if the source of the bottled or vended water is different from the source stated in the corporate name or trademark.  Retail water facilities that do not provide labeled containers shall post, in a location readily visible to consumers, a sign conveying required label information." (Emphasis Added.)

39.    NESTLE violated California Health and Safety Code §111185.  NESTLE's source of Arrowhead 100% Mountain Spring Water was not in typeface at least equal to the size of the typeface of the corporate name.

40.     California's Sherman Laws adopt the federal labeling requirements as the food labeling requirements of the state. Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state.").

(1) Any food is misbranded if its labeling is false or misleading in any particular, Cal. Health & Safety Code § 110660;

(2) Any food is misbranded if any word, statement, or other information required to appear on the label or labeling is not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use, id. § 110705.

41.     California Health and Safety Code § 110390 states that: "It is unlawful for any person to disseminate any false advertisement or any food ….. An advertisement is false if it is false or misleading in any particular."

42.     California Health and Safety Code § 110395 states that: "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food …..  that is falsely advertised."

43.     California Health and Safety Code § 110398 states that: "It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded."

44.     The Sherman Food Drug Cosmetic Law, Health and Safety Code Sections 111070 to 111198 govern the bottling and vending of water in California.

45.     California Health and Safety Code §111170 states that: "(f) Each container of bottled water sold at retail or wholesale in this state in a beverage container shall include on its label, or on an additional label affixed to the bottle, or on a package insert or attachment, all the following:…. ……  (2) ***The source of the bottled***

11 (COMPLAINT)

*water, in compliance with applicable state and federal regulations*." (Emphasis added.)  Defendant NESTLE has violated California Health & Safety Code Section §111170.

46.    California Civil Code §1770(a): The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful: (2) ***Misrepresenting the source***, sponsorship, approval, or certification of goods or services;  (4) Using deceptive representations or ***designations of geographic origin*** in connection with goods or services. Defendant NESTLE has violated California Civil Code §1770(a).

## CLASS ACTION ALLEGATIONS

47.    Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a proposed class defined as follows:

**The Nationwide Injunctive Relief Class**.  All persons residing in the United States and its territories who purchased one or more water bottles sold by NESTLE with label containing statements of "100% MOUNTAIN SPRING WATER" and

> "SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

for their own use, and not for resale, since January, 2016.  Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class; the Injunctive Relief Class does not seek any form of monetary relief.

**California Subclass for The Injunctive Relief**.  All persons residing in the state of California who purchased one or more water bottles sold by NESTLE for their own use, and not for resale, since January, 2016, with label containing statements of "100% MOUNTAIN SPRING WATER" and

> "SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class; the Injunctive Relief Class does not seek any form of monetary relief.

48.    Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a proposed class (the "Monetary Relief Class") defined as follows:

**The Nationwide Monetary Relief Class**.  All persons residing in the United States and its territories who purchased one or more water bottles sold by NESTLE with label containing statements of "100% MOUNTAIN SPRING WATER" and

"SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

for their own use, and not for resale, since January, 2016.  Plaintiff asks the Court to adjudicate all remedies through Monetary Relief Class.

**California Subclass for The Monetary Relief Class**.  All persons residing in the state of California who purchased one or more water bottles sold by NESTLE for their own use, and not for resale, since January, 2016, with label containing statements of "100% MOUNTAIN SPRING WATER" and

"SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA; PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA."

Plaintiff asks the Court to adjudicate all remedies through Monetary Relief Class.

49.     Collectively, the Injunctive Relief Class, the Monetary Relief Class, and the California Subclass are the "Class."

50.     This action is properly brought as a class action for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL"), California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA"), California's False Advertising Law, Cal. Civ. Code §17500 ("FAL"), and Unjust Enrichment/ Breach of Quasi Contract, for the following reasons:

(a) The proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable.  While Plaintiff does not know the exact number and identity of all Class Members, Plaintiff is informed and believes that there are thousands.  The precise number of Class Members can be ascertained through discovery;

(b) The disposition of Plaintiff's and proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c) The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in the same fashion;

(d) There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular Class Members.  Such common questions of law and fact include, but are not limited to:

> (1) Whether Defendant's conduct was unlawful;
>
> (2) Whether Defendant's conduct was unfair;
>
> (3) Whether Defendant's advertising and labeling is likely to mislead the public;
>
> (4) Whether Defendant's conduct was misleading;
>
> (5) Whether Defendant violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL");
>
> (6) Whether Defendant violated California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA");
>
> (7) Whether Defendant violated California's False Advertising Law, Cal. Civ. Code §17500 ("FAL");

(8) Whether Defendant received purchase monies from Plaintiff and class members that they unjustly received;

(9) Whether Plaintiff and Class Members have been harmed and the proper measure of relief;

(10) Whether Plaintiff and Class Members are entitled to an award of punitive damages, attorneys' fees and expenses against Defendants; and

(11) Whether, as a result of Defendant's misconduct, Plaintiff and Class Members are entitled to equitable relief, and if so, the nature of such relief;

(e) Plaintiff's claims are typical of the claims of the members of the proposed Class.  Plaintiff and Class Members have been injured by the same wrongful practices of Defendant.  Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories;

(f) Plaintiff will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to those of the other Class Members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons: (i) Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions; (ii) This action will promote an orderly and expeditious

16 (COMPLAINT)

administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; (iii) Without a class action, Class Members will continue to suffer damages, and Defendant's violations of law will proceed without remedy while Defendant continues to reap and retain the proceeds of their wrongful conduct; and (iv) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude class certification.

51.     Address information for the Class Members may be used for the purpose of providing notice of the class action.

52.     Plaintiff seeks damages and equitable relief on behalf of the Class on grounds generally applicable to the entire proposed Class.

## First Cause of Action
## Violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* Unlawful Conduct Prong
## (By Plaintiff Connie Chong, on Behalf of the Class)

53.     Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

54.     Defendant violated Cal. Bus. & Prof. Code §17200's prohibition against engaging in an "*unlawful*" business act or practice by selling the NESTLE Product. Defendant NESTLE violated 21 C.F.R. §101.18 (c); 21 C.F.R. §165.110(a)(2)(vi); 21 U.S.C. § 343(a), 343(f); 21 U.S.C. 331(a); California Health & Safety Code §§110660, 110705, 111185, 110660, 110390, 110395, 110398, 111170; California Civil Code §1770(a)(2), (4).

55.     Defendant misleadingly advertises the NESTLE Product in its label and websites showing the photo of the NESTLE Product bottles.  Defendant violated

Cal. Bus. & Prof. Code §17200's prohibition against engaging in an "*unlawful*" business act or practice by, *inter alia*, making the material misrepresentations regarding the NESTLE Products under 1750 *et seq.* (the CLRA) and Cal. Bus. & Prof. Code §17500 (FAL).

56.     Plaintiff seeks equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: restitution; refunding Plaintiff and class members the full amount paid for the NESTLE Product; injunctive relief for an order enjoining Defendant from falsely marketing and advertising the NESTLE Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class. Plaintiff seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.  Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

## Second Cause of Action
## Violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* Unfair Conduct Prongs
## (By Plaintiff Connie Chong, on Behalf of the Class)

57.     Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

58.     The foregoing conduct also constitutes "*unfair*" business acts and practices within the meaning of Cal. Bus. & Prof. Code §17200.  Defendant's practices offend public policy and are unethical, oppressive, unscrupulous and violate the laws stated.  Defendant's conduct caused and continues to cause substantial injury to Plaintiff and Class Members.

59.     Defendant's labeling and advertising of the NESTLE Product is likely to mislead reasonable consumers that the location of the spring is the Arrowhead mountain.

60.     Defendant either knew or reasonably should have known that the claims on the labels of the NESTLE Product were likely to mislead reasonable consumers.

61.     In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to sell the NESTLE Product through unlawful, and unfair acts and practices and to commence a corrective advertising and labeling campaign.

62.     Plaintiff seeks equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: restitution; refunding Plaintiff and class members the full amount paid for the NESTLE Product; injunctive relief for an order enjoining Defendant from falsely marketing and advertising the NESTLE Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class. Plaintiff seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.  Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

**Third Cause of Action**
**Violation of California's False and Misleading Advertising Law, California**
**Business and Professions Code § 17500 *et seq.***
**(By Plaintiff Connie Chong, on Behalf of the Class)**

63.     Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

19 (COMPLAINT)

64. California Business & Professions Code §17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive and/or mislead members of the public to purchase products and services such as the NESTLE Product.

65. Defendant disseminated, through common advertising, misleading statements about the NESTLE Product and Defendant knew or should have known that the NESTLE Product' label did not conform to the advertisements or representations regarding the NESTLE Product. Plaintiff and the Class relied upon the advertisements and misrepresentations to their detriment.

66. As alleged herein, Defendant, in its labeling and advertising of the NESTLE Product, makes misleading advertising claim, as it mislead consumers that the location of the spring is the Arrowhead mountain.

67. In reliance on these misleading advertising claims, Plaintiff and the members of the California Subclass purchased and used the NESTLE Product without the knowledge that the location of the spring may not be the Arrowhead mountain.

68. Defendant knew or should have known that the labeling and marketing of the NESTLE Product was likely to mislead consumers.

69. Plaintiff seeks equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, the following: restitution; refunding Plaintiff and class members the full amount paid for the NESTLE Product; injunctive relief for an order enjoining Defendant from falsely marketing and advertising the NESTLE Product; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class. Plaintiff seeks public injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

**Fourth Cause of Action**

**Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.***

**(By Plaintiff Connie Chong, on Behalf of the Class)**

70.     Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

71.     This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, *et seq.*  Plaintiff is a consumer as defined by Cal. Civ. Code §1761(d).  Defendant's NESTLE Product constitutes "product" as defined by Cal. Civ. Code §1761(a) and (b).  At all times relevant hereto, Defendant constituted "persons" as that term is defined in Cal. Civ. Code §1761(c), and Plaintiff's and Class Members' purchases of the NESTLE Product constitute "transactions," as that term is defined in Cal. Civ. Code §1761(e).

72.     Defendant violated and continues to violate the CLRA by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code §1770(a), in transactions with Plaintiff and Class Members that were intended to result or which resulted in the sale of the NESTLE Product to consumers:

(a) In violation of Cal. Civ. Code §1770(a)(2): Misrepresenting the source, sponsorship, approval, or certification of goods or services;

(b) In violation of Cal. Civ. Code §1770(a)(4): Using deceptive representations or designations of geographic origin in connection with goods or services.

(c) In violation of Cal. Civ. Code §1770(a)(5), Defendant's acts and practices constitute misrepresentations that the NESTLE Product in question have characteristics, benefits or uses which they do not have;

21 (COMPLAINT)

(d) In violation of Cal. Civ. Code §1770(a)(7), Defendant misrepresented that the NESTLE Product are of particular standard, quality and/or grade, when they are of another; and

(e) In violation of Cal. Civ. Code §1770(a)(9), Defendant advertised the NESTLE Product with the intent not to sell them as advertised or represented.

(f) In violation of Cal. Civ. Code §1770(a)(16), Defendant represented that "the subject of a transaction has been supplied in accordance with a previous representation when it has not."

73.    Defendant's representations misleading and in violation of the CLRA.

74.    In addition, pursuant to Civil Code §1780(a)(2), Plaintiff is entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770:

(1) enjoining Defendant from continuing to engage in the deceptive practices described above;

(2) requiring Defendant to provide public notice of the true nature of the NESTLE Product; and

(3) enjoining Defendant from such deceptive business practices in the future.

Plaintiff seeks ***public injunctive relief*** that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. Class certification is not required for "public" injunctive relief under the UCL, FAL, and CLRA. (see *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).)

75.    Plaintiff and the Class are also entitled to recover attorneys' fees, costs, expenses and disbursements pursuant to Cal. Civ. Code §§1780 and 1781.

76.    Pursuant to section 1782 of the CLRA, Plaintiff is hereby notifying Defendant in writing of its particular violations of section 1770 of the CLRA and is demanding, among other actions, that Defendant cease marketing the NESTLE Product as set forth in detail above and correct, repair, replace, or otherwise rectify the NESTLE Product that are in violation of section 1770 as set forth in detail

above. (Exhibit 1.)  If Defendant fails to respond to Plaintiff's demand within 30 days of this notice, pursuant to section 1782 of the CLRA, Plaintiff will amend this Class Action Complaint to request, in addition to the above relief, statutory damages, actual damages, punitive damages, interest, and attorneys' fees, pursuant to sections 1780 and 1781.

## Fifth Cause of Action:  Unjust Enrichment
### (By Plaintiff Connie Chong, on Behalf of the Class)

77.    Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

78.    Plaintiff brings this claim for unjust enrichment on behalf of the Class.

79.    As a direct and proximate result of Defendant's acts set forth herein, Defendant has been unjustly enriched.

80.    As a result of Defendant's misleading labeling, advertising, marketing, and sales of the NESTLE Product, Defendant unjustly enriched itself at the expense of Plaintiff and the Class members, through Plaintiff's and the Class members' payment of the purchase price for the products.

81.    Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiff and the Class members, in light of the fact that the NESTLE Product that Plaintiff and the Class members purchased were not what Defendant purported them to be.  Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiff and the Class members for the monies paid to Defendant for the NESTLE Product.

82.    Plaintiff and the Class members seek restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and compensation Defendant obtained from its improper conduct alleged herein.

1

2   **PRAYER FOR RELIEF**

3           WHEREFORE, Plaintiff prays this Court enter a judgment against

4   Defendant that:

5   1.      This action be certified and maintained as a class action under Rule 23(b)(2)

6   and (b)(3) of the Federal Rules of Civil Procedure and certify the proposed Class

7   as defined, appointing Plaintiff as representatives of the Class, and appointing the

8   attorneys and law firms representing Plaintiff as counsel for the Class;

9   2.      Awards compensatory, statutory and/or punitive damages.

10  3.      Awards Plaintiff and Class Members the costs of this action, including

11  reasonable attorneys' fees and expenses;

12  4.      Orders Defendant to immediately cease its wrongful conduct as set forth

13  above; enjoins Defendant from continuing to falsely market and advertise, conceal

14  material information, and conduct business via the unlawful and unfair business

15  acts and practices complained of herein; orders Defendant to engage in a corrective

16  notice campaign, and requires Defendant to reimburse to Plaintiff and all Class

17  Members the purchase price paid for the NESTLE Product;

18  5.      Awards equitable monetary relief, including restitution and disgorgement of

19  all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise

20  restricting the proceeds of Defendant's ill-gotten gains, to ensure that Plaintiff and

21  Class Members have an effective remedy;

22  6.      Awards pre-judgment and post-judgment interest at the legal rate; and

23  7.      Such further legal and equitable relief as this Court may deem just and

24  proper.

25  //

26  //

27  //

28

                                    24 (COMPLAINT)

**<u>JURY TRIAL REQUESTED</u>**

      Plaintiff demands a trial by jury on all issues so triable.

DATED: December 27, 2019              LAW OFFICE OF JUAN HONG

                                      <u>/s/ Juan Hong</u>
                                        JUAN HONG
                                        4199 Campus Drive Suite 550
                                        Irvine, CA 92612
                                        Telephone: (949) 509-6505
                                        Fax: (949) 335-6647

1  **DECLARATION OF CONNIE CHONG PURSUANT TO CALIFORNIA**

2  **CIVIL CODE § 1780(d)**

3

4  I, Connie Chong, declare as follows:

5

6  1.      I am a plaintiff in the above-entitled action.

7  2.      Defendant NESTLE WATERS NORTH AMERICA INC. has done and is

8  doing business in the Central District of California.  Such Business includes the

9  distributing, marketing, labeling, packaging and sale of the NESTLE Product.

10  Furthermore, I purchased the NESTLE Product in Los Angeles, California, from

11  markets including Target, Costco, Hannam Chain, Galleria Market, and Smart &

12  Final.

13  I declare under penalty of perjury under the laws of the State of California

14  that the foregoing is true and correct.

15  Executed this 27th day of December 2019, at Los Angeles, California.

16

17

18  DATED: December 27, 2019

19

20                                             Connie Chong

21

22

23

24

25

26

27

28

                        26 (COMPLAINT)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT  1.

26
27
28

27 (COMPLAINT)

*Juan Hong, A Law Corp, Law Office of Juan Hong*
*4199 Campus Drive Suite 550, Irvine, CA 92612*
*Telephone: (949) 509-6505, Fax: (949) 335-6647*

December 27, 2019

NESTLE WATERS NORTH AMERICA INC.
900 LONG RIDGE ROAD, BUILDING #2
STAMFORD, CT 06902.

**SUBJECT:** ***CONNIE CHONG v. NESTLE WATERS NORTH AMERICA INC.***

Dear NESTLE WATERS NORTH AMERICA INC.:

Our law firm represents Connie Chong and all other consumers similarly situated in an action against NESTLE WATERS NORTH AMERICA INC. ("Defendant") arising out of, *inter alia*, misrepresentations by Defendant to consumers.

When Plaintiff purchased the bottles of "ARROWHEAD 100% MOUNTAIN SPRING WATER" ("the NESTLE Product"), she did not read the backside of the label for the source of the spring water.  In the front label of the bottles, the statement of the NESTLE Product was provided with the background picture of the Arrowhead mountain and the lake in front of the mountain.  Based on the presentations in the front label, Plaintiff reasonably believed the NESTLE Product was from the springs in the Arrowhead mountain.  Plaintiff would not have purchased the NESTLE Product bottles had she known that the spring water might not be from the arrowhead mountain.  Plaintiff would not have purchased the NESTLE Product absent the misrepresentation depicted with the picture of the label.

In the backside of the label of the NESTLE Product bottle, the source of spring water was not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices, in the labeling), and is not easily legible.  The backside label of the NESTLE Product bottle lists the source information as:

SOURCES: SOUTHERN PACIFIC SPRING, RIVERSIDE COUNTY, CA; ARROWHEAD SPRINGS, SAN BERNARDINO COUNTY, CA; LONG POINT RANCH, RUNNING SPRING, CA;

1

PALOMAR MOUNTAIN GRANITE SPRINGS (PMGS), PALOMAR, CA; DEER CANYON SPRINGS, SAN BERNARDINO COUNTY, CA AND/OR COYOTE SPRINGS, INYO COUNTY, CA.

The sources of the spring water include six (6) locations.  Arrowhead Springs is one of them.  The spring water of the NESTLE Product might not be from the Arrowhead mountain.  The product was likely misbranded.  Plaintiff bought the NESTLE Product bottles which were prohibited from introduction into commerce because they were misbranded.  Plaintiff suffered damages in an amount to equal to the amounts she paid for the NESTLE Product bottles she purchased.

Plaintiff's claim is essentially that, because defendant's label of the NESTLE Product does not comply with state and federal requirements regarding the source of the spring water.  Defendant's product is misbranded and unmarketable.  Plaintiff was misled as a result of the misbranding and suffered.  Plaintiff Connie Chong and others similarly situated bring the full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint.

Defendant's representations are misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendant with the intent to induce the consuming public to purchase the NESTLE Product.

Defendant violated and continues to violate the Consumers Legal Remedies Act (CLRA) by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code §1770(a), in transactions with Plaintiff and Class Members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a) In violation of Cal. Civ. Code §1770(a)(2): Misrepresenting the source, sponsorship, approval, or certification of goods or services;
(b) In violation of Cal. Civ. Code §1770(a)(4): Using deceptive representations or designations of geographic origin in connection with goods or services.
(c) In violation of Cal. Civ. Code §1770(a)(5), Defendant's acts and practices constitute misrepresentations that the NESTLE Product in question have characteristics, benefits or uses which they do not have;

(d) In violation of Cal. Civ. Code §1770(a)(7), Defendant misrepresented that the NESTLE Product are of particular standard, quality and/or grade, when they are of another;

(e) In violation of Cal. Civ. Code §1770(a)(9), Defendant advertised the NESTLE Product with the intent not to sell them as advertised or represented;

(f) In violation of Cal. Civ. Code §1770(a)(16), Defendant represented that "the subject of a transaction has been supplied in accordance with a previous representation when it has not."

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of misleading information as described in the enclosed Complaint.  In addition, Defendants should offer to refund the purchase price to all consumer purchasers of the NESTLE Product, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code § 1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received.  These damage claims also would include claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

(1)   Identify or make a reasonable attempt to identify purchasers of the NESTLE Product for the three years prior to January of 2020;

(2)   Notify all such purchasers so identified that upon their request, Defendant will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the NESTLE Product, plus interest, costs fees, by mailing them a notice via certified mail.  Provide this office with proof that you delivered the notice to everyone referenced;

(3)     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the NESTLE Product purchasers who so request; and

(4)     Cease from representing to consumers that NESTLE Product provides the benefits described in the aforementioned Defendant's labels and advertisements, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

                              Sincerely yours,
                              /s/ Juan Hong
                              Juan Hong
                              LAW OFFICE OF JUAN HONG
                              4199 Campus Drive Suite 550
                              Irvine, CA 92612